R. R. LEERAY v. THE STATE.

No. 7112. Decided June 23, 1922.

1.—Theft—Requested Charge—Rule Stated—Ownership—Charge of Court— Possession.

Under all our authorities, it is only held necessary to give a charge making guilt depend upon an assertion of ownership, when the inference of guilt is sought alone from the circumstance of recent, unexplained, and personal possession: Following Lehman v. State, 18 Texas Crim. App. 174 and other cases, and it was no error to refuse the requested charge on ownership; besides, there was other evidence than recent possession, and there was no reversible error.

2.—Same—Evidence—Possession—Arrest.

The statement made by the defendant after he was arrested that his name was Jack Moran was abundantly testified to by other witnesses, and the exception that he was arrested and convicted, etc., was correctly overruled.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of theft of the value of fifty dollars, the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of theft; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County of theft of property of the value of more

than fifty dollars, and his punishment fixed at five years in the penitentiary.

The record contains three bills of exception, it being urged in bills Nos. 1 and 2 that the trial court erred in declining to give special charges to the effect that if appellant was not in possession of the alleged stolen car, and that he made no distinct and conscious assertions of ownership thereof, then he should be acquitted, and further that if the jury had a reasonable doubt as to whether appellant was in possession of said car or made no distinct assertion of ownership, he should be acquitted. Under all our authorities it is only held necessary to give a charge making guilt depend upon an assertion of ownership when the inference of guilt is sought alone from the circumstances of recent unexplained and personal possession. Lehman v. State, 18 Texas Crim. App., 174; Robinson v. State, 22 Texas Crim. App., 690; Fields v. State, 24 Texas Crim. App., 422; Bryant v. State, 25 Texas Crim. App., 754; Berry v. State, 37 Texas Crim. Rep., 46. An examination of the record in the instant case reveals the fact that the State's case was in nowise dependent upon such fact of recent possession. In addition to proof showing appellant and his codefendant in the immediate neighborhood of the alleged stolen car on the night same was stolen, and the finding of said parties in possession of the car on the second day thereafter, we find the testimony of a witness who states positively that appellant and his codefendant approached him and told him they had a car and were going in it across the country to El Paso, and were going to take this car to Mexico and turn it. This witness further stated that the car so referred to was the alleged stolen car. There are other circumstances in the record corroborating the proposition of appellant's guilt which further rendered it unnecessary to give the special charges under discussion.

There remains but the question of the admission in evidence of a statement made by appellant after he was arrested that his name was Jack Moran. That he was going by the name of Jack Moran at the time was abundantly testified to by other witnesses and is a fact about which there was no dispute, and said fact was further testified to by others as having been so stated by appellant, beside being the statement of the particular officer complained of in the bill of exceptions. We do not think said bill presents any error for which the case should be reversed.

The evidence seems to amply support the theory of appellant's guilt. A new Buick car worth $1500 or $1800 was taken on the night of November 29th and recovered a couple of days later. On the night of its disappearance appellant and his codefendant were seen by various parties in the town from which it was taken, and by one witness in the immediate neighborhood of the place where the car was parked. The car was carried into the country and parts of same easily identified

were removed, and two days later appellant and his codefendant were found in possession of the car and in company with a young man who testified that they had invited him to go with them to El Paso. The parties declined to make any satisfactory explanation of their possession of the car. The testimony of the young man who was in the car with them, and which is above referred to, amply supports the proposition that they were claiming it and asserting their intention to carry it to Mexico and dispose of it.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*